# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 28, 2021

Lyle W. Cayce
Clerk

No. 20-20423
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTOPHER JAMAL ALRIDGE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-681-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Christopher Jamal Alridge appeals the 70-month, within-guidelines range sentence imposed upon his guilty plea to possession of a firearm as a felon. On appeal, he challenges the application of the sentence enhancement under U.S.S.G. § 2K2.1(b)(6)(B).

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20423

The district court did not clearly err by applying the enhancement, which adds four levels if a defendant "used or possessed any firearm or ammunition in connection with another felony." § 2K2.1(b)(6)(B); *see United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010). Alridge's assertion that "he scooped up the pistol" and that the fight ended moments later is consistent with the finding in the presentence report that Alridge took the firearm during the assault. Thus, a finding that Alridge assaulted the complainant "in the course of committing theft" is plausible in light of the record as a whole *See Sorrells v. State*, 343 S.W.3d 152, 155-56 (Tex. Crim. App. 2011); Tex. Penal Code § 29.01(1).

Additionally, we have held that Guideline § 2K2.1 does not expressly prohibit the application of both § 2K2.1(b)(4)(A) because a firearm was stolen and § 2K2.1(b)(6)(B) for using or possessing a firearm in connection with another felony offense and that the enhancements do not double count, impermissibly or otherwise, the same conduct. *See United States v. Luna*, 165 F.3d 316, 323-24 (5th Cir. 1999); *accord United States v. Jimenez-Elvirez*, 862 F.3d 527, 541 (5th Cir. 2017). A panel of this court may not overrule the decision of another panel absent an en banc or superseding Supreme Court decision. *United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002); *see also Wicker v. McCotte*r, 798 F.2d 155, 157-58 (5th Cir. 1986). Furthermore, we continue to reject the assertion that a firearm did not facilitate another felony offense when there was no separation of time or conduct between the theft of the firearm and the illegal possession of the firearm. *See United States v. Perez*, 585 F.3d 880, 886-87 (5th Cir. 2009). Alridge's possession of the stolen firearm had the potential to facilitate the ongoing robbery. *See* § 2K2.1, comment. (n.14).

The district court's judgment is AFFIRMED.

2